```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

DANNY LOWE,

                Petitioner,

vs.                                  Case No. 2:06-cv-228-FtM-29DNF

SECRETARY OF THE DEPARTMENT OF
CORRECTIONS,

                Respondent.
_____

## OPINION AND ORDER

### I. Status

Petitioner Danny Lowe (hereinafter "Petitioner" or "Lowe") initiated this action by filing a Petition for Writ of Habeas Corpus (Doc. #1, Petition) and attached memorandum of law (Doc. #2, MOL) pursuant to 28 U.S.C. § 2254 on April 27, 2006.[1] Petitioner challenges his plea-based convictions of two counts of lewd and lascivious molestation, entered in the Twentieth Judicial Circuit Court, Lee County, Florida. Petition at 1. Respondent filed a Response (Doc. #14, Response) and supporting exhibits (Docs. #15, #16), including Petitioner's post-conviction motions and hearing transcripts. Petitioner filed a Reply (Doc. #21, Reply). This matter is ripe for review.

---

[1] The Petition (Doc. #1) was docketed and filed with the Court on May 4, 2006; however, the Court applies the "mailbox rule" and deems the Petition "filed on the date it was delivered to prison authorities for mailing." Alexander v. Sec'y Dep't of Corr., 523 F.3d 1291, 1294 n.4 (11th Cir. 2008).

## II. Procedural History

Petitioner was charged by Information with two counts of lewd and lascivious molestation on a victim less than 12 years of age in violation of Florida Statute § 800.04(5)(b). Exh. 1. On April 1, 2002, Petitioner entered a guilty plea to both counts and the trial court held a plea colloquy. Id. at 40 (plea form), 23-36 (transcript of plea hearing). The court sentenced Petitioner on each count to fifteen years, suspended after ten years, with the remaining five years on probation, each sentence running concurrently. Id. at 34-35. The court also found Petitioner qualified to be designated as a sexual predator pursuant to Florida Statute § 775.21. Id. at 46.

On March 3, 2003, Petitioner filed a petition for belated appeal. The appellate court referred the matter to the trial court with directions to appoint a commissioner to decide whether Petitioner had timely requested that defense counsel file an appeal. On August 20, 2003, after the commissioner reported his findings, the trial court recommended that the petition for belated appeal be granted. The appellate court entered its order granting Petitioner leave to file a belated appeal on September 23, 2003. Lowe v. State, 860 So. 2d 420 (Fla. 2d DCA 2003).

On or about June 9, 2004, Petitioner, through appellate counsel, filed a "motion to correct a sentencing error" pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). The motion challenged the constitutionality of Florida's Sexual Predator Act,

Florida Statute § 775.21, and requested that the trial court correct the sentence and strike Petitioner's designation as a sexual predator. See generally Exh. 2. On June 21, 2004, the trial court denied the motion, citing Milks v. State, 848 So. 2d 1167 (Fla. 2d DCA 2003), aff'd, 894 So. 2d 924 (Fla. 2005).

On July 20, 2004, Petitioner, through appellate counsel, appealed the trial court's decision on the Rule 3.800 motion. See generally Exh. 2. Specifically, Petitioner asked "whether the trial court err[ed] by denying the [Petitioner's] Motion to Correct Sentencing Error to Strike the Sexual Predator Designation"? Id. The State filed a brief in response. Id. The appellate court affirmed the trial court's decision. Id.

On April 1, 2005, Petitioner filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. See Exh. 2. Petitioner argued that trial counsel rendered ineffective assistance by: (1) misadvising Petitioner that he would serve no more than sixty months in prison; (2) failing to object to the plea offer of 15 years with 5 years suspended, with 5 years on probation; and (3) failing to advise Petitioner that he would not be eligible for certain programs because of his designation as a "sexual predator." See Exh. 2. The State filed a brief in response. Id. On September 29, 2005, the postconviction trial court entered an order summarily denying Petitioner's Rule 3.850 motion. Exh. 2.

Petitioner appealed the trial court's order denying his Rule 3.850 motion. On March 31, 2006, the appellate court *per curiam* affirmed the trial court. <u>Lowe v. State</u>, 926 So. 2d 1282 (Fla. 2d DCA 2006). Petitioner requested rehearing, which the appellate court denied.

Petitioner then initiated this federal Petition, arguing that defense counsel rendered ineffective assistance by:

> (1) misadvising Petitioner that he would be incarcerated no longer than sixty months;
>
> (2) not objecting to the trial judge's rejection of the plea offered by the State;
>
> (3) failing to advise Petitioner that he would not be eligible for certain programs as a sexual predator; and
>
> (4) not objecting when the prosecutor, as opposed to the court, conducted the plea colloquy.

Petition at 4-5. Respondent asserts that the fourth ground was not exhausted in the state courts, all grounds are procedurally defaulted, and alternatively that all grounds are without merit. Respondent concedes that the § 2254 Petition is timely, and the Court agrees.

### III. Ground Four

To properly present a claim to a federal court under § 2254, the petitioner must have first afforded the state courts an opportunity to address the claim. 28 U.S.C. § 2254(b)(1)(A). Respondent correctly points out that Petitioner never presented the fourth claim to the State courts, and asserts it is now

-4-

procedurally barred. Response at 15-16. Petitioner concedes that he did not exhaust ground four, and requests that the Court "deny claim four (4) on it's [sic] merits and address the other claims . . . that ha[ve] been exhausted." Reply at 11. The Court construes Petitioner's request as a motion to withdraw claim four, which will be granted. Therefore, claim four is dismissed with prejudice.

## IV. Applicable § 2254 Law

The Petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996). Penry v. Johnson, 532 U.S. 782, 792 (2001); Davis v. Jones, 506 F.3d 1325, 1331, n.9 (11th Cir. 2007). The relevant legal principles under the AEDPA are set forth below.

### A. Procedural Default

"A claim is procedurally defaulted if it has not been exhausted in state court and would now be barred under state procedural rules." Mize v. Hall, 532 F.3d 1184, 1190 (11th Cir. 2008). A procedural default for failing to exhaust state court remedies will only be excused in two narrow circumstances. First, a petitioner may obtain federal habeas review of a procedurally defaulted claim if he shows both "cause" for the default and actual "prejudice" resulting from the asserted error. House v. Bell, 547 U.S. 518, 536-37 (2006); Mize, 532 F.3d at 1190. Second, under exceptional circumstances, a petitioner may obtain federal habeas review of a procedurally defaulted claim, even without a showing of

cause and prejudice, if such review is necessary to correct a fundamental miscarriage of justice. House, 547 U.S. at 536; Edwards, 529 U.S. at 451; Henderson, 353 F.3d at 892.

**B. Deference to State Court Decision**

Where a petitioner's claim raises a federal question that was adjudicated on the merits in the state courts, the federal court must afford a high level of deference to the state court's decision. See Ferguson v. Culliver, 527 F.3d 1144, 1146 (11th Cir. 2008). Habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). See Brown v. Payton, 544 U.S. 133, 141 (2005); Price v. Vincent, 538 U.S. 634, 638-39 (2003). A state court's summary rejection of a claim, even without explanation, qualifies as an adjudication on the merits which warrants deference. Ferguson, 527 F.3d at 1146; Wright v. Sec'y Dep't of Corrections, 278 F.3d 1245, 1253-54 (11th Cir. 2002). See also Peoples v. Campbell, 377 F.3d 1208, 1227 (11th Cir. 2004), cert. denied, 545 U.S. 1142 (2005).

"Clearly established federal law" consists of the governing legal principles, rather than the *dicta*, set forth in the decisions of the United States Supreme Court at the time the state court issues its decision. Carey v. Musladin, 549 U.S. 70, 127 S. Ct. 649, 653 (2006)(citing Williams v. Taylor, 529 U.S. 362, 412 (2000)). In cases where nothing in the Supreme Court's jurisprudence addresses the issue on point or the precedent is ambiguous and gives no clear answer to the question, it cannot be said that the state court's conclusion is contrary to, or constitutes an unreasonable application of, "clearly established Federal law." Wright v. Van Patten, 128 S. Ct. 743, 747 (2008); Mitchell v. Esparza, 540 U.S. 12, 15-16 (2003).

A state court decision can be deemed "contrary to" the Supreme Court's clearly established precedents within the meaning of § 2254(d)(1) only if: (1) the state court applies a rule that contradicts the governing law as set forth in Supreme Court cases, or (2) the state court confronts a set of facts that is "materially indistinguishable" from those in a decision of the Supreme Court and yet arrives at a different result. Brown, 544 U.S. at 141; Mitchell, 540 U.S. at 15-16. Further, it is not mandatory for a state court decision to cite, or even to be aware of, the relevant Supreme Court precedents, "so long as neither the reasoning nor the result . . . contradicts them." Early v. Parker, 537 U.S. 3, 8 (2002); Mitchell, 540 U.S. at 16.

A state court decision involves an "unreasonable application" of the Supreme Court's precedents if the state court correctly identifies the governing legal principle but applies it to the facts of the petitioner's case in an objectively unreasonable manner, Brown, 544 U.S. at 134; Bottoson v. Moore, 234 F.3d 526, 531 (11th Cir. 2000), cert. denied, 534 U.S. 956 (2001); or, "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Bottoson, 234 F.3d at 531 (quoting Williams, 120 S. Ct. at 1520). The "unreasonable application" inquiry "requires the state court decision to be more than incorrect or erroneous"; it must be "objectively unreasonable." Lockyer v. Andrade, 538 U.S. 63, 75-77 (2003) (citation omitted); Mitchell, 540 U.S. at 17-18. Depending upon the legal principle at issue, there can be a range of reasonable applications. Yarborough v. Alvarado, 541 U.S. 652, 663-64 (2004). Thus, the state court's decision is not subject to federal review *de novo*; rather, § 2254(d)(1) relief is only available upon a showing that the state court decision meets the "objectively unreasonable" standard. Id. at 665-66.

A § 2254 petitioner can also obtain relief by showing that a state court decision "was based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d)(2). Where the credibility of a witness is at issue, relief

may only be granted if it was unreasonable, in light of the evidence presented, for the state court to credit the testimony of the witness in question. Rice v. Collins, 546 U.S. 333, 338 (2006). Additionally, a factual finding by a state court is presumed to be correct and a petitioner must rebut this "presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Miller-El v. Dretke, 545 U.S. 231, 240 (2005); Henderson, 353 F.3d at 890-91. This statutory presumption of correctness, however, "applies only to findings of fact made by the state court, not to mixed determinations of law and fact." Parker v. Head, 244 F.3d 831, 836 (11th Cir.), cert. denied, 534 U.S. 1046 (2001) (citation omitted). An ineffective assistance of counsel claim is a mixed question of law and fact; therefore, the presumption does not apply and such claims are reviewed *de novo*. Rolling v. Crosby, 438 F.3d 1296, 1299 (11th Cir.), cert. denied sub nom. Rolling v. McDonough, 126 S. Ct. 2943 (2006).

**C. Ineffective Assistance of Counsel**

Ineffective assistance of counsel claims are reviewed under the standards established by 28 U.S.C. § 2254(d). Newland v. Hall, 527 F.3d 1162, 1183 (11th Cir. 2008). Post-AEDPA, the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984), remains applicable to the claims of ineffective assistance of counsel raised in this case. Newland, 527 F.3d at 1184.

In Strickland, the Supreme Court established a two-part test to determine whether a convicted person is entitled to habeas relief on the grounds that his or her counsel rendered ineffective assistance: (1) whether counsel's representation was deficient, i.e., "fell below an objective standard of reasonableness" "under prevailing professional norms," which requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment"; and (2) whether the deficient performance prejudiced the defendant, i.e., there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different, which "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 688. Petitioner bears a heavy burden to "prove, by a preponderance of the evidence, that counsel's performance was unreasonable." Jones v. Campbell, 436 F.3d 1285, 1293 (11th Cir. 2006), cert. denied sub nom. Jones v. Allen, 127 S. Ct. 619 (2006).

A court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct," Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (quoting Strickland, 466 U.S. at 690), applying a "highly deferential" level of judicial scrutiny. Id. A court must adhere to a strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466

U.S. at 689. An attorney is not ineffective for failing to raise or preserve a meritless issue. Ladd v. Jones, 864 F.2d 108, 109-10 (11th Cir.), cert. denied sub nom. Ladd v. Burton, 493 U.S. 842 (1989); United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992) ("a lawyer's failure to preserve a meritless issue plainly cannot prejudice a client"). "To state the obvious: the trial lawyers, in every case, could have done something more or something different. So, omissions are inevitable. But, the issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'" Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000)(quoting Burger v. Kemp, 483 U.S. 776, 794 (1987)).

**IV. Analysis**

This Court has carefully reviewed the record and, for the reasons set forth below, concludes no evidentiary proceedings are required in this Court. Schriro v. Landrigan, 550 U.S. 465, 127 S. Ct. 1933, 1939-40 (2007). Petitioner does not proffer any evidence that would require an evidentiary hearing, Chandler v. McDonough, 471 F.3d 1360 (11th Cir. 2006), and the Court finds that the pertinent facts of the case are fully developed in the record before the Court. Schriro, 127 S. Ct. at 1940; Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), cert. denied, 541 U.S. 1034 (2004).

**A. Exhaustion of Claims One, Two and Three**

In Response to the Petition, Respondent acknowledges that Petitioner presented the first three ineffective assistance of trial counsel issues to the State courts. Response at 7. Respondent also notes that Petitioner cited to Strickland v. Washington, 466 U.S. 668 (1984) in his Rule 3.850 motion. Id. Respondent submits, however, that Petitioner did not properly exhaust these claims because Petitioner failed to alert the State courts of the federal dimension of his claims. Id. at 8-15.

In Reply, Petitioner submits that he exhausted his first three grounds by presenting the ineffective assistance of counsel claims in his Rule 3.850 motion and subsequent appeal. Reply at 7-9. Petitioner acknowledges that he only cited to Strickland in the Rule 3.850 motion, but argues that one federal citation is sufficient to alert the State court of a federal claim. Id.

The Court finds that claims One, Two, and Three were properly exhausted. Although Petitioner mostly referred to State law and did not specify which federal rights were violated, the facts of each ineffective assistance of counsel claim *sub judice* were presented to the State courts and Petitioner cited to Strickland.[2]

---

[2]Respondent's exhibit consisting of Petitioner's Rule 3.850 motion appears to be incomplete as it ends on page 10, in the middle of a sentence, and is missing Petitioner's signature page. The Court does not deem the absence of these pages critical to the Court's review of these claims because the Court finds that Petitioner exhausted grounds one, two, and three; and, the parties agree that ground four is unexhausted. Respondent also fails to
(continued...)

Whether Strickland was cited or not, the legal standard employed by the Florida courts for ineffective assistance of counsel is the Strickland standard. Smith v. State, 998 So. 2d 516, 522-23 (Fla. 2008). Moreover, when the State post-conviction court addressed Petitioner's Rule 3.850 motion and denied him relief, the court cited and relied upon federal case law, in addition to State law. Exh. 2. The Court does not require that a petitioner exhaust his federal claims "by citing 'book and verse on the federal constitution.' . . . We simply hold that the substance of a federal habeas claim must first be presented to the state courts. Picard v. Connor, 404 U.S. 270, 278 (1971)." Mattox v. Dugger, 839 F.2d 1523, 1524 (11th Cir. 1988)(other internal citations omitted). Petitioner complied with this standard, and thus the Court will consider the merits of claims One, Two, and Three.

**B.  Ineffective Assistance of Trial Counsel**

The postconviction court cited, *inter alia*, Strickland v. Washington, 466 U.S. 668 (1984), and therefore applied the correct federal law. The postconviction court also referred to the copy of the transcript of the plea hearing and sentencing, and found:

> Regarding [Petitioner's] first allegation, the plea colloquy conclusively refutes [Petitioner's] allegation. Furthermore, [Petitioner's] allegation that the prosecutor recommended that [Petitioner] be sentenced to 5 years [in] prison followed by 10 years probation, but that "Judge Thomas S. Reese changed the plea to 15 years

---

²(...continued)
individually tab each exhibit, thereby making citations to specific documents difficult. Exh. 2.

>DOC, 5 years suspended with 5 years probation" is unsupported by the record.
>
>Even if, at sometime prior to April 1, 2002 sentencing hearing, counsel discussed possible sentences with [Petitioner] and stated that he thought [Petitioner] would do more than 60 months in prison, by the time of sentencing [Petitioner] was aware of the actual sentence he was facing. In addition, [Petitioner] appears to be confusing Rule 3.850 motion with a 3.170 motion to withdraw a plea. Moreover, if [Petitioner] believed that the [c]ourt was inappropriately involved in the plea negotiations, that issue should and could have been raised in [Petitioner's] belated appeal and not in a 3.850 motion.
>
>[Petitioner's] second allegation, that trial counsel was ineffective for failing to advise [Petitioner] that he would be ineligible for certain programs as a sexual predator, is also without merit. Failure of counsel to advise a defendant of a collateral consequence of his plea does not render the plea involuntary. Furthermore, the trial court, during the plea colloquy, is not required to advise the defendant of collateral consequences of his plea. Moreover, an order declaring a defendant to be a sexual predator cannot be raised pursuant to a Rule 3.800 or 3.850, only on direct appeal.

Exh. 2. As previously stated, the appellate court *per curiam* affirmed the State postconviction court's order. For the reasons set forth below, the Court finds that the State courts' decisions were neither contrary to, nor an unreasonable application of, clearly established federal law, nor based on an unreasonable determination of the facts.

**(1) Misleading Information Concerning Length of Sentence:**

Petitioner claims that his attorney told Petitioner he would serve a total sentence of sixty months if he pled guilty, when in fact he will serve 120 months less gain time. Petitioner further

-14-

states that both he and his attorney were under the assumption that he was pleading to a fifteen year sentence with ten years suspended, thus resulting in a 60 month term of imprisonment. Petition at 4; MOL at 2-3. See also MOL at 6. Petitioner submits that this "misinformation" "induced [Petitioner] to enter a plea." Reply at 12.

The record clearly refutes Petitioner's assertion. At the beginning of the hearing, defense counsel told the judge that Petitioner wanted to plead guilty to the two counts based upon the offer of fifteen years in the Department of Corrections, with five years suspended. Exh. 1 at 25. Petitioner stated that he understood that both offenses were punishable by up to 30 years in prison Id. at 27, that he had not been promised anything in exchange for the plea other than what had been discussed at the hearing Id. at 27, 30, and that he understood he would be designated a sexual predator Id. at 31. The judge waived preparation of a presentence report, and sentenced Petitioner to 15 years imprisonment, with the last five years suspended upon the condition that Petitioner successfully complete five years of sex offender probation, and designated Petitioner a sexual predator. Id. at 32-33. The judge again explained that Petitioner was going to serve fifteen years in jail, but the last five years are suspended upon the condition of five years probation, and Petitioner said he had no questions. Id. at 34. The record is thus clear, by the time of Petitioner's guilty plea he understood

that the agreement was not for a five-year sentence. And, when the agreement was fully explained to Petitioner, he did not dispute the agreement or question any of its terms. "Solemn declarations in open court carry a strong presumption of verity." <u>Blackledge v. Allison</u>, 431 U.S. 63, 74 (1977). The Court finds that Petitioner has not established that counsel's performance was deficient, nor that he was prejudiced by counsel's actions, much less satisfy the standard under the AEDPA. Thus, the Court denies Petitioner relief on ground One.

**(2) Failure to Object to Court's Rejection of Plea Agreement:**

In ground Two, Petitioner claims counsel rendered ineffective assistance for failing to object when the trial judge rejected the plea offered by State, revised the offer, and essentially threatened Petitioner to take the revised offer or go to trial and risk a greater sentence. MOL at 7-8. As the postconviction trial court found, and as summarized above, the record clearly refutes Petitioner's allegation that the trial judge changed the terms of the plea. Since the trial judge did not reject a plea offered by the State, there was nothing to which counsel could have legitimately objected. Therefore, counsel did not provide ineffective assistance, Petitioner has not satisfied the AEDPA standard, and relief on ground Two is denied.

**(3) Sexual Predator Consequences:**

Petitioner argues that counsel "failed to advise" him that he would be ineligible for certain Department of Corrections programs once designated as a "sexual predator." See Petition at 5. During the guilty plea colloquy, Petitioner answered in the affirmative that he understood that he qualified for designation as a sexual predator. Exh. 1 at 31. The Court assumes that counsel did not further advise petitioner that this designation would render him ineligible for certain programs. Nonetheless, Petitioner's claim is without merit.

> As we have repeatedly held, there is no constitutional requirement that a defendant be advised of collateral consequences of a plea, and the failure to advise a defendant does not render a plea involuntary. McCarthy v. United States, 320 F.3d 1230, 1234 (11th Cir.2003); see also United States v. Campbell, 778 F.2d 764, 768 (11th Cir.1985) (explaining that deportation is a collateral consequence and "counsel's failure to advise the defendant of the collateral consequences of a guilty plea cannot rise to the level of constitutionally ineffective assistance.").

Jules v. Florida Dep't of Corrections, 313 Fed. Appx. 269, 273 (11th Cir. 2009). Thus, the Court finds that defense counsel did not render ineffective assistance by failing to advise Petitioner of a collateral consequence of the designation as a sexual predator, and Petitioner has not satisfied the AEDPA standard. Petitioner is denied relief on ground Three.

ACCORDINGLY, it is hereby

**ORDERED**:

1. Petitioner's motion to withdraw claim four is **GRANTED**, and Claim Four is dismissed with prejudice.

2. The remaining grounds, Grounds One, Two, and Three of the Petition for Writ of Habeas Corpus, are **DENIED**.

3. The Clerk of court shall terminate any pending motions, enter judgment accordingly, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida, on this ___13th___ day of August, 2009.

```
                                    /s/ John E. Steele
                                    _____
                                    JOHN E. STEELE
                                    United States District Judge
```

SA: alj
Copies: All Parties of Record